J-S12022-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| WENDELL HILL | : | |
| | : | |
| Appellant | : | No. 2663 EDA 2019 |

Appeal from the PCRA Order Entered August 27, 2019
In the Court of Common Pleas of Delaware County Criminal Division at
No(s):  CP-23-CR-0004112-1983

BEFORE:   SHOGAN, J., McCAFFERY, J., and COLINS, J.[*]

MEMORANDUM BY McCAFFERY, J.:                    **FILED APRIL 21, 2020**

Wendell Hill (Appellant) appeals, *pro se*, from the order dismissing his serial petition for collateral relief filed pursuant to the Post Conviction Relief Act[1] (PCRA).  On appeal, he contends (1) the 1995 amendments to the PCRA, which established the timing requirements, are unconstitutional; (2) the PCRA court applied an incorrect time-bar to his claims; and (3) the court erred in denying him relief on his claim of ineffectiveness of counsel.  We affirm.

The relevant factual and procedural history is set forth as follows. Appellant is currently serving a mandatory sentence of life imprisonment,

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 42 Pa.C.S.§§ 9541-9546.

following his November 21, 1984, jury conviction of second degree murder and robbery.[2]  This Court affirmed the judgment of sentence on March 17, 1987,[3] the Pennsylvania Supreme Court denied *allocator* review on October 5, 1987, and the United States Supreme Court denied a petition for writ of *certiorari* on January 11, 1988.  ***Commonwealth v. Hill***, 2182 PHL 1986 (unpub. memo.) (Pa. Super. 1987), *appeal denied*, 532 A.2d 436 (Pa. 1987), *cert. denied*, 484 U.S. 1019 (1988).  Thus, Appellant's judgment of sentence became final in 1988.

Since that time, Appellant has filed multiple PCRA petitions — in May of 1996, December of 1999, August of 2012, and May of 2015 — all of which were denied by the PCRA court, and affirmed or dismissed by this Court on appeal.  ***See Commonwealth v. Hill***, 4179 PHL 1996 (unpub. memo.) (Pa. Super. 1997) (affirming order denying PCRA petition filed in May, 1996), *appeal denied*, 704 A.2d 1380 (Pa. 1997); ***Commonwealth v. Hill***, 959 EDA 2000 (Pa. Super. 2000) (dismissing appeal from order denying December, 1999 PCRA petition for failure to file brief); ***Commonwealth v. Hill***, 1604

_____

[2] 18 Pa.C.S. §§ 2502(b), 3701(a)(1)(ii).

[3]  We note Appellant's direct appeal was originally dismissed by this Court because Appellant's court appointed counsel failed to file a brief.  **See** PCRA Ct. Op., 7/17/86, at 1.  However, Appellant filed a PCRA petition on July 17, 1986, which resulted in the reinstatement of his direct appeal rights *nunc pro tunc*.  We do not consider that initial petition when reviewing the timeliness of the instant PCRA petition.  ***See Commonwealth v. Turner***, 73 A.3d 1283, 1286 (Pa. Super. 2013).

EDA 2014 (judgment order) (Pa. Super. 2015) (affirming order dismissing petition filed August, 2012); ***Commonwealth v. Hill***, 1778 EDA 2016 (unpub. memo.) (Pa. Super. 2017) (affirming order dismissing petition filed May, 2015). Appellant has also filed appeals from the PCRA Court's denial of (1) a motion to reinstate the appeal from his December 1999 petition, which was dismissed for failure to file a brief, and (2) a motion to compel production of transcripts and documents. ***See Commonwealth v. Hill***, 1202 EDA 2001 (unpub. memo.) (Pa. Super. 2001), *appeal denied*, 797 A.2d 911 (Pa. 2002); ***Commonwealth v. Hill***, 746 EDA 2010 (unpub. memo.) (Pa. Super. 2011).

On June 26, 2019, Appellant filed the instant PCRA petition. On July 23rd, the PCRA court issued its notice of intent to dismiss the petition without first conducting an evidentiary hearing pursuant to Pa.R.Crim.P. 907. After receiving no response from Appellant, the PCRA court dismissed the PCRA petition on August 27, 2019. On September 12th, Appellant filed a timely notice of appeal. The PCRA court did not order Appellant to file a Rule 1925(b) statement of errors complained of on appeal.

Appellant raises the following three issues on appeal:

1. Do the 1995 amendments to PCRA procedure, being coerced and compelled by *quid pro quo* special rules favorable to a state party during federal habeas corpus review, violate the Tenth and Fourteenth Amendments, rendering the lower court's enforcement of 42 Pa.C.S. § 9545(b)(1)-(2) null and void under the supreme laws of the land governing federalism and anti-commandeering principles?

2. Did the lower court commit legal error or abuse discretion by applying a sixty-day jurisdictional bar to second or subsequent

- 3 -

filing of a PCRA petition when 42 Pa.C.S. § 9545(b)(2) has been amended to provide for a one-year jurisdictional timeliness bar for second/subsequent PCRA petitions?

3. Did the lower court commit an error of law or abuse discretion by not abiding by the U.S. Constitution's Article VI, Clause 2 Supremacy Clause's rules of decision which mandate the lower court to impartially and independently perform the original and equitable "function of the rule" retroactivity test of **Teague v. Lane**, 489 U.S. 288 (1989), as restored and reaffirmed **in Welch v. U.S**., 136 S.Ct. 1257 (2016) and constitutionalized under the Supremacy Clause in **Montgomery v. Louisiana**, 136 S.Ct. 718 (2016); and did the lower court err as a matter of law and/or abuse discretion by determining that the timeliness exceptions at 42 Pa.C.S. §§ 9545(b)(1)(ii)-(iii), and (2), in light of intervening changes in controlling substantive-functioning, watershed Procedural-functioning, and structural-functioning laws at **Commonwealth v. Peterson**, 192 A.3d 1123 (Pa. 2018), **U.S. v. Davis**, 139 S.Ct. 2319 (2019), **U.S.. v. Haymond**, 139 S.Ct. 2369 (2019), **Mccoy v. Louisiana**, 138 S.Ct. 1500 (2018), and **Murphy v. NCAA**, 138 S.Ct. 1481 (2018)?

Appellant's Brief at 2.

Our standard of review regarding the dismissal of a PCRA petition is as follows:

> In reviewing the denial of PCRA relief, we examine whether the PCRA court's determinations are supported by the record and are free of legal error. The PCRA court's credibility determinations, when supported by the record, are binding on this Court; however, we apply a *de novo* standard of review to the PCRA court's legal conclusions.

**Commonwealth v. Goodmond**, 190 A.3d 1197, 1200 (Pa. Super. 2018) (citation omitted).

"Crucial to the determination of any PCRA appeal is the timeliness of the underlying petition. Thus, we must first determine whether the instant PCRA

petition was timely filed." ***Commonwealth v. Smith***, 35 A.3d 766, 768 (Pa. Super. 2011).

> The PCRA timeliness requirement . . . is mandatory and jurisdictional in nature. The court cannot ignore a petition's untimeliness and reach the merits of the petition.

***Commonwealth v. Taylor***, 67 A.3d 1245, 1248 (Pa. 2013).

In order to be considered timely filed, a PCRA petition, including a second or subsequent petition, must be filed within one year of when a petitioner's judgment of sentence becomes final. 42 Pa.C.S. § 9545(b)(1). "[A] judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of the time for seeking the review." 42 Pa.C.S. § 9545(b)(3). The Supreme Court of Pennsylvania has held that the PCRA's time restriction is constitutionally sound. ***See Commonwealth v. Cruz***, 852 A.2d 287, 292 (Pa. 2004).

Here, as this Court concluded in a prior appeal, Appellant's judgment of sentence became final in January 1988, when the United States Supreme Court denied his petition for writ of *certiorari*. ***See*** 42 Pa.C.S. § 9545(b)(3); ***Hill***, 1778 EDA 2016 (unpub. memo at 4). Therefore, Appellant's present PCRA petition, filed more than 30 years later, is facially untimely.

Nevertheless, an untimely PCRA petition can overcome the jurisdictional time-bar if the petitioner pleads and proves one of the three statutory exceptions set forth in 42 Pa.C.S. § 9545(b)(1):

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii). **See Commonwealth v. Brandon**, 51 A.3d 231, 233-34 (Pa. Super. 2012) (summarizing three PCRA timing exceptions: "(1) interference by government officials in the presentation of the claim; (2) newly discovered facts; and (3) an after-recognized constitutional right") (citation omitted). A petition invoking an exception to the time-bar must be filed within one year of the date that the claim could have been presented. 42 Pa.C.S.A. § 9545(b)(2). If a petitioner fails to invoke a valid exception to the PCRA time-bar, courts are without jurisdiction to review the petition or provide relief. **See Commonwealth v. Spotz**, 171 A.3d 675, 729 (Pa. 2017) (holding Supreme Court, like PCRA court, had no jurisdiction to consider petitioner's claim that state death penalty statute was unconstitutional when petitioner could not satisfy timing exception).

None of the three issues raised by Appellant successfully invoke an exception to the PCRA's timeliness requirements. In his first claim, Appellant contends the timing requirements, enacted by the 1995 amendments to the

PCRA, are unconstitutional because they violate the Tenth and Fourteenth Amendments of the United States Constitution. Appellant's Brief at 6. However, he fails to explain how this argument, made more than 20 years after the amendments were enacted, satisfies one of the Section 9545(b)(1) exceptions. To the extent he asserts the High Court's decision in **Murphy v. National Collegiate Athletic Assoc.**, 138 S.Ct. 1461 (U.S. 2018), provides him relief,[4] we note that decision was filed on May 14, 2018, more than one year before Appellant filed the present PCRA petition in June of 2019. **See** 42 Pa.C.S. § 9545(b)(2) (petition invoking timing exception must be filed within one year of date claim could have been raised). Accordingly, Appellant's first issue does not satisfy a timing exception.

In his second argument, Appellant avers the PCRA court erred by improperly applying the "old 'sixty day' jurisdictional bar" to his petition when the statute was amended in 2018 to provide for a one-year filing period. Appellant's Brief at 8; **see** 42 Pa.C.S. § 9545(b)(2). Appellant is correct that in 2018, Section 9545(b)(2) was amended to extend the time a petitioner has to invoke a timing exception from within 60 days to "within one year of the date the claim could have been presented." **See** 42 Pa.C.S. § 9545(b)(2); Section 3 of Act 2018, Oct. 24, P.L. 894, No. 146, effective in 60 days. The Act amending the statute specified "the amendment of [subsection]

---

[4] Appellant's Brief at 7.

(b)(2) .. . . shall apply to claims arising on Dec. 24, 2017 or thereafter." Section 3 of Act 2018, Oct. 24, P.L. 894, No. 146, effective in 60 days. Therefore, to the extent Appellant could establish a timing exception that arose **after** December 24, 2017, we agree the PCRA court applied the incorrect statute. However, the court's citation to the prior statute, alone, provides no basis for relief, particularly since we conclude Appellant has not successfully invoked **any** of the timing exceptions.

Third, Appellant argues the Pennsylvania Supreme Court's decision in **Commonwealth v. Peterson**, 192 A.3d 1123 (Pa. 2018), should be applied retroactively to provide him with relief based upon the ineffective assistance of all his prior counsel. Appellant's Brief at 10. The **Peterson** decision was decided on September 21, 2018, and Appellant filed his present petition less than one year later, on June 26, 2019.[5] **See** 42 Pa.C.S. § 9545(b)(2).

In **Peterson**, the Supreme Court held that PCRA counsel's ineffectiveness may constitute a newly discovered fact for purposes of the Section 9545(b)(1)(ii) timing exception "where PCRA counsel's ineffectiveness per se completely forecloses review of collateral claims." **Peterson**, 192 A.3d at 1130. In that case, the Court concluded PCRA "[c]ounsel's untimely filing of [the petitioner's] first PCRA petition[, just one day late,] constituted

---

[5] Because this potential "claim" arose after December 24, 2017, we conclude the amended version of Section 9545(b)(2) applies. **See** Section 3 of Act 2018, Oct. 24, P.L. 894, No. 146, effective in 60 days.

ineffectiveness per se, as it completely foreclosed [him] from obtaining review of the collateral claims set forth in his first PCRA petition."[6]  *Id.* at 1132.

Appellant does not argue his prior counsel was ineffective per se;[7] rather, he asserts **Peterson** set forth a "newly recognized constitutional right" under Section 9545(b)(1)(iii), which must be applied retroactively to his case based upon the Supreme Court's prior ruling in **Montgomery v. Louisiana**, 136 S. Ct. 718 (U.S. 2016).  Appellant's Brief at 10.

We find Appellant's argument is misplaced.  In **Montgomery**, the United States Supreme Court considered whether states could refuse to give retroactive effect to its prior decision in **Miller v. Alabama**, 132 S. Ct. 2455 (U.S. 2012), which held "a juvenile convicted of a homicide offense could not be sentenced to life in prison without parole absent consideration of the juvenile's special circumstances in light of the principles and purposes of juvenile sentencing."  **Montgomery**, 136 S.Ct. at 725.  The **Montgomery** Court held states could not refuse to apply the **Miller** decision: "Where state collateral review proceedings permit prisoners to challenge the lawfulness of their confinement, States cannot refuse to give retroactive effect to a

---

[6] We note the PCRA court in **Peterson** "made factual findings that [the petitioner] did not know about the untimely filing and could not have ascertained this fact through the exercise of due diligence[, and that he] filed his second PCRA petition within sixty days after he learned of the untimely-filed petition."  **Peterson**, 192 A.3d at 1130-31.

[7] In fact, in his brief, Appellant does not even articulate how prior counsel was ineffective.  Appellant's Brief at 8-11.

substantive constitutional right that determines the outcome of that challenge." *Id.* at 731-32.

Here, however, Appellant seeks to apply **Peterson** – a decision by the **Pennsylvania** Supreme Court – retroactively, when the "right" at issue in that case is **not** a new substantive constitutional claim, and it has **not** been held by that court to apply retroactively. *See* 42 Pa.C.S. § 9545(b)(1)(iii). Thus, we conclude neither **Peterson** nor **Montgomery** provides Appellant with a basis for relief.

Therefore, we agree with the determination of the PCRA court that Appellant's petition was not timely filed and he failed to plead and prove any of the time for filing exceptions. Thus, we affirm the order denying relief.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 04/21/2020